**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DOLORES R. SABAN,

        Plaintiff,

v.                              Case Number: 09-11891

CAMBRIDGE MORTGAGE
CORPORATION, et al.,

        Defendants.
                                    /

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT**

Before the court is a complaint filed by Plaintiff Dolores R. Saban on May 18, 2009. On June 2, 2009, Judge Nancy G. Edmunds granted Plaintiff's application to proceed *in forma pauperis*. On June 30, 2009, the case was reassigned to this court under Eastern District of Michigan Local Rule 83.11 as a companion case. Because Plaintiff is proceeding in this matter *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), the court will dismiss Plaintiff's complaint for lack of jurisdiction, pursuant to 28 U.S.C. § 1915(e)(2).

**I. BACKGROUND**[1]

In her complaint, Plaintiff alleges that Defendants Cambridge Mortgage ("Cambridge"), Flagstar Bank ("Flagstar"), CitiMortgage ("Citi"), and Mortgage Electronic Registration System ("MERS") "are parties to the fraud of holding an 'Ultra Vires'

---

[1] Plaintiff previously filed a nearly identical action before this court, which the court dismissed pursuant to 28 U.S.C. § 1915(e)(2) for lack of subject-matter jurisdiction. *Saban v. Cambridge Mortgage, et al.*, No. 09-11166 (E.D. Mich. April 23, 2009).

contract and are in violation of Federal Banking Law 12 USC Section 24(7)."  (Compl. ¶ 3.)  Plaintiff also alleges that Defendants "misrepresented to the Plaintiff the elements of the alleged agreement," "refused to disclose material facts of the alleged agreement," and "have defrauded Plaintiff and based upon this fraud are in violation of Federal Banking Law 12 USC Section 24(7)."  (Compl. ¶¶ 4, 9, 11.)  Plaintiff requests that the court "order the Defendants to refund all the amount of funds and fees paid towards this contract by the Plaintiff, and for the damage, award $102,000 from each and every Defendant."  (Compl. at 8.)

Plaintiff states that she brings her action "Mortgage Fraud and Predatory Lending in Violation Of Federal Banking Law 12 USC Section 24(7) and a[n] Ultra Vires contract," and that it also qualifies as a "diversity case."  (Compl. ¶¶ 2-3.)  Plaintiff avers that she is a citizen of Michigan.  (Compl. ¶ 1.)  Plaintiff also states that Defendants Cambridge and Flagstar are both corporations incorporated in Michigan with their principal places of business in Michigan; Defendant Citi is incorporated in New York with its principal place of business in Missouri; and MERS is incorporated in Delaware with its principal place of business in Virginia.  (Compl. ¶ 1.)  Plaintiff alleges that money damages exceed $75,000.  (Compl. ¶ 3.)

## II.  STANDARD

Complaints filed by a plaintiff proceeding *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2).  *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).  Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim upon which relief may be granted, a plaintiff must show, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, *Evans-Marshall v. Board of Educ.,* 428 F.3d 223, 228 (6th Cir. 2005), "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In addition, "a district court may, at any time, dismiss *sua sponte* a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).

### III.  DISCUSSION

The court finds that it lacks subject-matter jurisdiction over this case. In order for a federal court to adjudicate a case, it must have subject-matter jurisdiction over the action, either because the case arises under federal law or diversity of citizenship. *See* 28 U.S.C. §§ 1331-1332. However, in her complaint, Plaintiff fails to demonstrate jurisdiction under either provision.

To assert federal question jurisdiction, a Plaintiff must show "either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends

on resolution of a substantial question of federal law." *Warthman v. Genoa Township Bd. of Trustees*, 549 F.3d 1055, 1061 (6th Cir. 2008) (quoting *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990)). To the extent that Plaintiff alleges federal question jurisdiction, pursuant to "Federal Banking Law 12 USC Section 24(7)," the court finds that Plaintiff has not made any claim that depends on the interpretation of federal law. *See Warthman*, 549 F.3d at 1061. Section 24 of Title 12 does not create any private cause of action by which the court can grant Plaintiff the relief for which she seeks. Indeed, Plaintiff's allegations arise out of a contract dispute and rights pursuant to the contract. Contract disputes are generally a matter of state law and do not raise federal questions. Therefore, the court does not have jurisdiction over Plaintiff's complaints pursuant to the court's federal question jurisdiction. *See* 28 U.S.C. § 1331.

Under 28 U.S.C. § 1332(a), the two requirements for diversity jurisdiction are (1) that the matter in controversy exceed $75,000.00, and (2) that complete diversity exist between the disputing parties. *See, e.g., U.S. Motors v. General Motors Europe*, 551 F.3d 420, 422-23 (6th Cir. 2008) (complete diversity of citizenship exists where each plaintiff is a citizen of a state different from the state of citizenship of each defendant). Because Plaintiff is a Michigan citizen, and at least one Defendant is also a citizen of Michigan, Plaintiff cannot establish complete diversity of citizenship. *See PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 201 (6th Cir. 2001) ("Section 1332 confers federal jurisdiction only if complete diversity of citizenship exists, such that no party has the same citizenship as any opposing party.") (citing *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000)). Therefore, court cannot exercise jurisdiction over Plaintiff's complaint pursuant to diversity jurisdiction. Because Plaintiff has failed to

4

show that jurisdiction exists under either § 1331 or § 1332, the court will dismiss Plaintiff's complaint.

## IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's complaint [Dkt. # 1] is DISMISSED for lack of subject-matter jurisdiction.

                                            s/Robert H. Cleland
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated:  June 30, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 30, 2009, by electronic and/or ordinary mail.

                                            s/Lisa G. Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522